Dear Senator Hobson,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Does any provision of law require a municipality to use competitive bidding procedures when purchasing insurance coverage for the municipality and/or its employees?
¶ 1 Your question relates to purchasing insurance coverage for a municipality as well as for its employees.[1] It is necessary to identify the legislative authority for a municipality to purchase insurance generally before addressing limitations upon that authority. "A city's power is delegated to it by the state and that power remains with the city until such time as the state sees fit to exercise its paramount authority" directly or through a legislative subdivision to which it has delegated such authority. City of Chickasha v. ArkansasLouisiana Gas Co., 625 P.2d 638, 641 (Okla.Ct.App. 1981).
¶ 2 The Legislature has granted a municipality the authority to provide hospital and medical benefits, accident, health, and life insurance for any of its officers or employees and their dependents. 11 O.S. 2001, § 23-108[11-23-108](A). While these benefits and insurance coverage may be provided through any company authorized to do business in Oklahoma, no provision in this section of law requires a municipality to acquire these types of insurance through competitive bidding. See id. § 23-108.
¶ 3 Municipalities are also authorized to insure against certain losses in the Governmental Tort Claims Act. See 51O.S. 2001 Supp. 2002,' 151-200. In this regard, the governing body of a municipality may do the following:
 1. Insure the municipality against all or any part of any liability it may incur for death, injury or disability of any person or for damage to property, either real or personal;
 2. Insure any employee of the municipality against all or any part of his liability for injury or damage resulting from an act or omission in the scope of employment;
 3. Insure against the expense of defending a claim against the municipality or its employee, whether or not liability exists on such claim; or
 4. Insure the municipality or its employee against any loss, damage or liability as defined by Sections 702 through 708 of Title 36 of the Oklahoma Statutes, or other forms of insurance provided for in Title 36 of the Oklahoma Statutes.
Id. § 167(A). "The cost or premium of any such insurance is a proper expenditure of the municipality." Id. The Legislature has authorized a municipality to obtain such insurance by any of the following methods:
 1. Self-insurance, which may be, but is not required to be, funded by appropriations to establish or maintain reserves for self-insurance purposes. Any self-insurance reserve fund shall be nonfiscal and shall not be considered in computing any levy when the municipality makes its annual estimate for needed appropriations;
 2. Insurance in any insurer authorized to transact insurance in this state;
 3. Insurance secured in accordance with any other method provided by law; or
 4. Any combination of insurance authorized by this section.
Id. § 167(B). No provision in the Governmental Tort Claims Act requires competitive bidding in the acquisition of such insurance. See 51 O.S. 2001 Supp. 2002,' 151-200.
¶ 4 The competitive bidding procedures of the Central Purchasing Act, 74 O.S. 2001, § 85.7[74-85.7], do not apply to municipalities. Such competitive bidding procedures, applicable to acquisitions exceeding $25,000.00, are binding upon State agencies, the definition of which excludes municipalities. See74 O.S. 2001, § 85.2[74-85.2](32).
¶ 5 The Legislature has also authorized municipalities to insure, or cause to be insured any or all of the public buildings and property, or other tangible and insurable assets owned or held by the municipality. 19 O.S. 2001, § 627[19-627]. The cost of such insurance must be borne by the municipality, but there is no requirement that it be acquired through competitive bidding.Id.
¶ 6 Accordingly, neither the statutes authorizing municipalities to acquire insurance of the types identified in this Opinion, nor the competitive bidding procedures of the Central Purchasing Act mandate the acquisition of such insurance through competitive bidding. See 11 O.S. 2001, § 23-108[11-23-108](A);19 O.S. 2001, § 627[19-627]; 51 O.S. 2001 Supp. 2002,' 151-200; 74O.S. 2001, § 85.7[74-85.7]. While no State law mandates the application of competitive bidding for purchasing these types of insurance coverage by municipalities, individual municipality charter provisions or municipal ordinances may mandate competitive bidding procedures.
¶ 7 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Neither the Municipal Code nor the Governmental Tort Claims Act, each of which authorizes municipalities to purchase insurance, mandates such insurance acquisition to be competitively bid. See 11 O.S. 2001, § 23-108[11-23-108]; 51 O.S. 2001 Supp. 2002,' 151-200.
 2. The provision of law authorizing municipalities to insurepublic assets does not require such acquisition to becompetitively bid. 11 O.S. 2001, § 23-108[11-23-108].
 3. The competitive bidding procedures of the CentralPurchasing Act do not apply to municipalities. See 74 O.S.2001, § 85.7[74-85.7].
 4. The purchase of insurance by a municipality may be subject to a municipal charter or city ordinance competitive bidding procedure.
W.A. DREW EDMONDSON Attorney General of Oklahoma
DOROTHY BROWN Assistant Attorney General
[1] Your request for a legal opinion does not specify the type of insurance coverage to be purchased by a municipality. Therefore, the conclusions reached in this Opinion are limited to the types of insurance addressed herein.